Charles BRICE, Appellant,

v.

STATE of Delaware, DEPARTMENT
OF CORRECTION, Appellee.

No. 320, 1997.

Supreme Court of Delaware.

Submitted: Dec. 15, 1997.
Decided: Jan. 22, 1998.

David A. Boswell, of Schmittinger & Rodriguez, Wilmington, for appellant.

Elizabeth D. Maron, of the Department of Justice, Wilmington, for appellee.

Before VEASEY, C.J., WALSH, HOLLAND, HARTNETT, and BERGER, J. (constituting the Court En Banc).

HOLLAND, Justice:

This is an appeal from the Superior Court. The appellant, Charles Brice ("Brice"), is employed by the appellee, Department of Corrections. The Merit Employees Relations Board ("Board") held a hearing and determined that Brice had been wrongfully denied a promotion, in violation of the Merit

System Rules. The Board awarded Brice the position with back pay.

The Board's decision to award Brice the position, along with back pay, was not an issue before the Superior Court, and is not before this Court. The sole issue raised by Brice in this appeal is whether the Superior Court erred in affirming the Board's conclusion that it did not have jurisdiction to consider Brice's request for attorney's fees. We have concluded that the judgment of the Superior Court must be reversed.

### Section 5931
### Text and History

In 1994, the Delaware General Assembly abolished the State Personnel Commission's authority to hear Merit Rule grievances. The Merit Employee Relations Board was established as the State Personnel Commission's successor. The Synopsis to the House Bill enacting this change states that the revised statute "would grant explicit authority to the Director and the Board to make remedial awards for any wrong arising under a misapplication of any provision" of the Merit Rules. 69 *Del.Laws*, c. 436 (1994). The statute reads, in part, as follows:

> The Director and the Board, at their respective steps in the grievance procedure, shall have the authority to grant back pay, restore any position, benefits or rights denied, place employees in a position they were wrongfully denied, or otherwise make employees whole, under misapplication of any provision of this chapter or the Merit Rules.

29 *Del.C.* § 5931(a) ("Section 5931").

■ Thus, the Board is specifically authorized, not only to award a wronged employee back pay, restore a position denied, or place an employee in a new position, but also to "otherwise make employees whole." 29 *Del.C.* § 5931(a).

### Attorney's Fees
### Denied By Board
### Superior Court Affirmed

Before the Board, Brice argued that it was empowered to make an award of attorney's fees pursuant to the enabling statute's autho-

rization to "otherwise make employees whole." The Board denied Brice's request on the basis that the statute does not confer *express* power on the Board to make an award of attorney's fees. In the Superior Court, Brice again argued that the phrase "otherwise make employees whole," by necessary implication, vests the Board with the power to award a successful grievant attorney's fees. The Superior Court judge rejected that contention also, stating:

> I regret having to reach that conclusion in this case where it appears from the Board's opinion that Mr. Brice was subjected to the most blatant discrimination on account of nepotism and favoritism employed by those involved in the selection process. I also sympathize with his argument that the State refused to recognize this situation and unreasonably litigated the matter causing him to incur unnecessary legal expenses in order to vindicate his rights. However, the statute does not empower the Board to award attorney's fees. . . .

*Brice v. State, Dept. of Correction,* Del.Super., C.A. No. 96A-09-004, Terry, J., 1997 WL 524053 (June 23, 1997) (ORDER). The Superior Court affirmed the Board's construction of Section 5931. *Id.*

### American Rule
### Award of Attorney's Fees

■ The criteria for awarding fees by a tribunal or administrative agency are well established. *Goodrich v. E.F. Hutton Group, Inc.,* Del.Supr., 681 A.2d 1039, 1043–44 (1996). Delaware follows the so-called "American Rule." *Id.* According to that doctrine, "prevailing litigants are responsible for the payment of their own attorney's fees." *Id.*

There are two general categories of exceptions to the American Rule. The first type of exception is some form of legislatively-enacted fee-shifting statute. *Id.* The second type of exception involves the invocation one of several equitable principles that have been recognized by the judiciary as a matter of common law. *Id.* In this appeal, Brice has presented alternative arguments under both the statutory exception and the common law equitable exception to the American Rule.

### Attorney's Fees
### Statutory Authorization

■ Brice's first argument is that the phrase "otherwise make employees whole" in Section 5931 vests the Board with statutory authority to award attorney's fees to every successful employee. The statutory exception to the American Rule requires either "specific and explicit provisions for the allowance of attorneys' fees" or "clear support" in the legislative history of that intent. *Summit Valley Indus. v. Local 112, United Bhd. of Carpenters,* 456 U.S. 717, 726, 102 S.Ct. 2112, 2117, 72 L.Ed.2d 511 (1982) and *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 260, 95 S.Ct. 1612, 1623, 44 L.Ed.2d 141 (1975).

In *Summit Valley Industries,* the United States Supreme Court assumed, *arguendo,* that " 'Congress plainly intended Section 303 [of the Labor Management Relations Act] to be *fully* remedial and to restore to the victimized employer *all . . .* losses.' " *Summit Valley Indus. v. Local 112, United Bhd. of Carpenters,* 456 U.S. at 724, 102 S.Ct. at 2116 (citation omitted). It then concluded "this justification alone is not sufficient to create an exception to the American Rule in the absence of express congressional authority." *Id.* Thus, the United States Supreme Court held that an implicit "make whole" remedy in a statute did not constitute a specific statutory authorization to sustain an award of attorney's fees. *Id.* at 725, 102 S.Ct. at 2116–17.

■ The Delaware Code is replete with statutes that provide for an explicit award of attorney's fees [1] or counsel fees,[2] either as a

---

**1.** Examples of Delaware statutes that specifically authorize an award of "attorney's fees" can be found in: 6 *Del.C.* §§ 2533(b), 3314(h), 4508(g) and (h), 4512(a), 4612(g)(3) and (o); 4613(c)(3), 4614(d), 4615, 4909A(c), 7323(a), 7615(b); 7719(b); 7 *Del.C.* §§ 2968(f)(2), 2969(e)(2), 4520(a), 6005(b)(3), 6208(g); 11 *Del.C.* §§ 1505(c), 9009; 12 *Del.C.* §§ 2305(a) and (c), 3574(a) and (b); 13 *Del.C.* §§ 508(4)(f), 513(a)(5), 1507(f), 1515, 1907(g), 1908(c), 1915(b); 16 *Del.C.* § 1205(a); 18 *Del.Cl.* §§ 2411(c), 4605; 21 *Del.C.* § 2515(b); 25 *Del.C.* § 2119(c)(1); and 29 *Del.C.* §§ 2517(c)(1), 7310(d).

**2.** Examples of Delaware statutes that specifically authorize an award of "counsel fees" can be

matter of right or as an exercise of discretion. The Delaware General Assembly did not include the specific words "attorney's fees" or "counsel fees" in Section 5931. Consequently, we hold that the "make whole" remedy in Section 5931 does not constitute a specific statutory authorization for the *routine* award of attorney's fees to successful employees, either as a matter of right or an exercise of discretion.

### Attorney's Fees
### Bad Faith Exception

 Alternatively, Brice argues that even if the enabling statute does not authorize the Board to award attorney's fees in all cases where the employee grievant prevails, the statute does vest the Board with equitable power to award attorney's fees in those instances where the State employer acted in bad faith. One of the well-recognized common law exceptions to the American Rule is the power of a court or an administrative tribunal, otherwise vested with equitable authority, to award attorney's fees when the "losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975) (citation omitted). The purpose of this exception is not to award attorney's fees to the prevailing party as a matter of right, but rather to "'deter abusive litigation in the future, thereby avoiding harassment and protecting the integrity of the judicial process.'" *See Schlank v. Williams,* D.C.App., 572 A.2d 101, 108 (1990) (citation omitted). This equitable exception, which only applies in extraordinary cases, has been recognized in Delaware. *Loretto Literary & Benevolent Inst. v. Blue Diamond Coal Co.,* Del.Ch., 444 A.2d 256, 260–61 (1982).

The Superior Court concluded that the record in this case would have justified an award of attorney's fees pursuant to the American Rule's equitable exception for abusive litigation. *Brice v. State, Dept. of Correction,* Del.Super., C.A. No. 96A–09–004, Terry, J., 1997 WL 524053 (June 23, 1991) (ORDER). The Superior Court determined, however, that the Board did not have the

authority to invoke that exception. *Id.* We have concluded that the Board does have that equitable ancillary jurisdiction.

 The record reflects that the enabling statute vests the Board with the authority to grant equitable remedial relief to a prevailing employee, e.g., *"restore* any position" and "place employees in a position they were wrongfully denied." 29 *Del.C.* § 5931(a) (emphasis added). It is well-established in the jurisprudence of Delaware that "'the authority granted to an administrative agency should be construed so as to permit the fullest accomplishment of the legislative intent or policy.'" *State, Dept. of Correction v. Worsham,* Del.Supr., 638 A.2d 1104, 1107 (1994) (quoting *Atlantis I Condominium Ass'n v. Bryson,* Del.Supr., 403 A.2d 711, 713 (1979)). An express grant of broad equitable jurisdiction to an administrative tribunal by the General Assembly also vests that tribunal with the ancillary "authority to do all that is reasonably necessary to execute that power." *Id.* This Court has recognized that in limited circumstances, equity may require an assessment of attorney's fees for the prevailing party to be "made whole." *Burge v. Fidelity Bond and Mortgage Co.,* Del.Supr., 648 A.2d 414, 421 (1994).

We conclude that the phrase "make employees whole" is not a specific statutory authorization to award attorney's fees to a successful litigant on a routine basis. Nevertheless, we hold that that phrase, when read in the context of the broad equitable remedial authority that the enabling statute vests in the Board, does confer ancillary equitable jurisdiction upon the Board to award attorney's fees to a successful litigant in extraordinary cases, pursuant to the common law bad faith exception to the American Rule. The record reflects that Brice presented such a case to the Board.

### Attorney's Fees
### Sovereign Immunity

 The State contends that sovereign immunity precludes an award of attorney's fees against the State. The State concedes that Section 5931 is a statutory waiver of

found in: 6 *Del.C.* §§ 7–601(1), 2553(c)(5); 10 *Del.C.* § 3912; and 13 *Del.C.* §§ 518, 728(b).

sovereign immunity to the extent the Board directs the State to "grant back pay," and "restore ... benefits." The United States Supreme Court has held that the Eleventh Amendment does not bar an award of attorney's fees against a State that is ancillary to relief on the merits. *Hutto v. Finney,* 437 U.S. 678, 690–93, 98 S.Ct. 2565, 2573–75, 57 L.Ed.2d 522 (1978). *Cf. Kentucky v. Graham,* 473 U.S. 159, 170, 105 S.Ct. 3099, 3107–08, 87 L.Ed.2d 114 (1985). Similarly, we hold that the General Assembly's enactment of a statute that expressly subjects the State to broad equitable remedies constitutes a waiver of sovereign immunity under the Delaware Constitution, with regard to all ancillary equitable relief, e.g., in this case an award of attorney's fees pursuant to the bad faith exception to the American Rule. *See* Del. Const. art. I, § 9 and *Blair v. Anderson,* Del.Supr., 325 A.2d 94, 96 (1974).

### *Conclusion*

The judgment of the Superior Court is reversed. This matter is remanded to the Superior Court for further remand to the Board. The Board should hold a hearing, make findings of fact, and award Brice reasonable attorney's fees for the expenses he incurred before the Board originally, on appeal to the Superior Court and this Court, and upon remand to the Board.