**In the Matter of the Petition of the STATE of Delaware for a Writ of Mandamus.**

No. 270, 1997.

Supreme Court of Delaware.

Submitted: Feb. 3, 1998.
Decided: March 27, 1998.
Rehearing Denied April 14, 1998.

Loren C. Meyers, Department of Justice, Wilmington, for the State.

John L. Reed, Blank, Rome, Comisky & McCauley, Wilmington, for respondent.

Before VEASEY, C.J., WALSH, HOLLAND, HARTNETT and BERGER, JJ., constituting the Court en Banc.

HARTNETT, Justice.

The State seeks the issuance by this Court of a writ of mandamus directing the Family Court to set aside its award of attorney's fees and costs arising out of a motion to compel the discovery of evidence required to be produced by the State under *Brady v. Maryland.*[1] While we do not approve of the Deputy Attorney General's failure to promptly and voluntarily produce all properly discoverable *Brady* material, we find that the

---

1. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), (hereinafter *Brady* ).

Family Court is not authorized to award attorney's fees and costs for a violation of the rules of discovery. We therefore grant the petition of the State for a writ of mandamus.

## I.

On July 13, 1996, New Castle County Police arrested Gregory Korn,[2] a juvenile, on two counts of second degree unlawful sexual conduct, 11 Del. C. § 768, based on accounts of witnesses of two incidents that allegedly occurred in a swimming pool of an apartment complex. As a result, delinquency proceedings were initiated. On November 6, 1996, a case review was held in Family Court and the trial date was set for January 7, 1997.

In the course of the investigation of the case by counsel for Korn, it was discovered that the victim, in the months prior to the alleged sexual misconduct, had been placed in two medical institutions to receive treatment for suicide attempts and to receive psychotherapy and counseling for what she claimed to have been sexual abuse by both her natural father and her step-father. While charges were lodged on the sexual abuse claims, no criminal proceedings were ever initiated. Believing these facts raised serious concerns about the credibility of the victim's account of the alleged incident, Korn's counsel requested the Deputy Attorney General assigned to the matter to review the case in light of these facts.[3] The prosecutor initially declined to review the evidence until the case review scheduled for November 6, 1996. At the case review, despite the appearance of Korn's counsel's at the earlier arraignment in the Justice of the Peace Court on July 13, 1996, the prosecuting attorney, without notice to Korn, placed a "Dear

Counsel of Record" letter into the Family Court file. In the letter she expressed her view that the letter, together with an acknowledgement to supply any discoverable information when received, constituted the State's discovery obligations under Family Court Rule 16.[4] She also took the position that 11 Del. C. § 3508, the Rape Shield Statute, prevented discovery of the victim's treatment records that predated the alleged incident of sexual misconduct or, alternatively, the information was not relevant. Moreover, the prosecutor urged that the Family Court could not compel the State to turn over materials not in the State's possession or control.

Unsatisfied with the prosecutor's approach, Korn's counsel wrote to the supervisor of the Deputy Attorney General who, on November 25, 1996, agreed to further investigate the case. On December 31, 1996, with the January 7th trial date approaching, Korn's attorney had yet to hear from the Supervisor and moved for a continuance of the trial date. On January 6, 1996, one day before the original trial date, the supervisor responded and supported the prosecutor's claim that the evidence was either protected under 11 Del. C. § 3508, the Rape Shield Statute, was irrelevant, or was not in the State's possession or control.

On January 7, instead of the trial, the Family Court held a conference with counsel for both parties. The Court focused primarily on the discoverability of evidence. Korn requested the victim's medical records from the two medical institutions that had treated her for the two suicide attempts and requested all discoverable *Brady* material including any exculpatory statements and any material relating to the prior sexual abuse allegations, such as records relating to the

---

2. Pursuant to Supreme Court Rule 7(d) the name of Korn is a pseudonym chosen by the Court.

3. The Deputy Attorney General assigned to prosecute this case in the Family Court did not participate in this appeal.

4. Family Court Criminal Rule 16(f) states:

*Continuing duty to disclose; failure to comply.* If, subsequent to disposition of a motion filed under this Rule, and prior to or during trial, a party discovers additional material previously requested, or falling within the scope of an order

previously entered, which is subject to discovery or inspection under the Rule, the party shall promptly notify the other party or counsel or the Court of the existence of the additional material. If at any time during the course of the proceedings it is brought to the attention of the Court that a party has failed to comply with this Rule or with an order issued pursuant to this Rule, the Court may order such party to permit the discovery or inspection of materials not previously disclosed, grant a continuance, or prohibit the party from introducing in evidence material not disclosed, or it may enter such other order as it deems just under the circumstances.

State's or the Police's investigation of the previous incidents. Once again, the prosecutor maintained that any records that were not in the control or possession of the State were not discoverable under Family Court Criminal Rule 16. The prosecutor again maintained that the requested material was irrelevant, despite her failure to have reviewed the material. In response, Korn's counsel requested the issuance of subpoenas for the production of documents from the various institutions. The conference concluded with the parties agreeing that the Family Court should compel the production of these records and, after an *in camera* review, determine their admissibility. The Court then instructed the parties that any additional discovery should proceed in accordance with the Family Court procedural rules. On March 17, 1997, the Court determined that the medical records relating to the alleged victim's prior suicide attempts were admissible as evidence.[5]

Immediately following the office conference, Korn's attorney submitted a letter to the prosecutor further outlining his request for all discoverable *Brady* material including any material discovered during the previous investigations by the State or the police, including evidence of why there had been no prosecution of the previous sexual abuse claims, along with any associated records from any State agency. This letter was supplemented by an additional letter sent the next day. In response, the prosecutor, by letter dated January 12, 1997, denied that any *Brady* material existed. On February 20, 1997, subsequent to the Court issuing subpoenas to the medical institutions that treated the victim, Korn's counsel, in another effort to discover the same *Brady* material previously requested, sent a letter stating that it was his understanding that the prosecutor did not possess the requested *Brady* material. In response to that letter, the prosecutor agreed to investigate the issues presented in the letter. On March 31, 1997, the prosecutor formally responded to Korn's request letters and reasserted that the de-

fense requests did not cover *Brady* material; and that either the State did not know the information requested or that the defense request was insufficient to allow retrieval of the particular records.

On April 14, 1997, Korn moved to compel the State to provide the previously requested evidence under *Brady*. In the motion, Korn requested an award of reasonable attorney's fees and costs or other sanctions for the State's alleged wilful failure to provide *Brady* material. The State filed an answer to this motion four days after it was due. Korn then moved to strike the State's response as untimely. On May 16, 1997, the Family Court granted Korn's motion to compel the discovery without considering the State's late answer to the motion. The Court then awarded Korn attorney's fees and costs of $3,291.10 in conjunction with the motion to compel discovery. The State's motion for reargument on the issue of attorney's fees and costs was denied on June 12, 1997. On July 2, 1997, the Family Court granted Korn's motion to dismiss the delinquency proceedings under Family Court Criminal Rule 48(b).

The State seeks the issuance of a writ of mandamus to direct the Family Court to vacate that part of its Orders that require the State to pay Korn's attorney's fees and costs.

## II.

The issue presented in this appeal is whether the Family Court has the authority pursuant to Family Court Criminal Rule 16(f) to award attorney's fees and costs for violations of the Family Court's discovery rules, an issue of law this Court reviews *de novo*.[6]

## III.

The writ of mandamus is an extraordinary writ issuable, in this Court's discretion, to constrain a trial court "to a lawful exercise of

---

**5.** *State v. K.*, Del.Fam., Cr. No. JN96–2161, 1997 WL 295680 (Mar. 17, 1997).

**6.** *Stroud v. Grace*, Del.Supr., 606 A.2d 75, 81 (1992); *Gilbert v. El Paso Co.*, Del.Supr., 575 A.2d 1131, 1142 (1990).

its prescribed jurisdiction[.]"[7] The State submits that the Family Court acted beyond its jurisdiction in awarding attorney's fees and costs because Family Court Criminal Rule 16(f) does not authorize such an award. In opposition, Korn argues that this Court should not exercise mandamus jurisdiction to merely review "a trial court's construction of a statute on the fallacious reasoning that an allegedly erroneous construction constitutes a breach of a trial court's 'duty' to correctly apply the law."[8] This argument misconstrues the State's request. The State contends that the Family Court acted outside its jurisdiction in awarding attorneys' fees and costs pursuant to Family Court Criminal Rule 16.

■■■ "An appellate court will exercise its power of review under a writ of mandamus only in unusual circumstances. The review court must be convinced that there is no other adequate means of redress, that clear prejudice will exist without the issuance of the writ, and that the ruling challenged is an important holding which is claimed to be erroneous as a matter of law."[9] We find that all three factors are present here.

First, the State has no adequate means of redress available at law. At common law, the State had no right of appeal in a criminal case. Now, however, the State may appeal certain criminal orders of the Family Court, under 10 Del. C. § 1053(a) that states in part:

An appeal may be taken by the State from the Family Court to an appellate court in the following instances:

(1) *Appeal as of right.*—a. The State shall have an absolute right to appeal to an appellate court a final order of the Family Court where the order constitutes a dismissal of a petition or information or any count thereof or the granting of any motion vacating any verdict or judgment of delinquency or conviction where the order

of the Family Court is based upon the invalidity or construction of the statute upon which the petition or information if founded or where the order is based on lack of jurisdiction of the Family Court over the person or subject matter.

b. Notwithstanding any section of this chapter to the contrary, the State shall have an absolute right to appeal to an appellate court from any order of the Family Court which grants an accused any of the following: a new trial or judgment of acquittal after a verdict or an adjudication of delinquency; a modification of a verdict or an adjudication of delinquency; an arrest of judgment; relief in any postconviction proceeding or in any action collaterally attacking a criminal judgment or an adjudication of delinquency; or any order or judgment declaring any act of the General Assembly, or any portion of such act, to be unconstitutional under either the Constitution of the United States or the State of Delaware, inoperative or unenforceable, except that no appeal shall lie where otherwise prohibited by the double jeopardy clause of the Constitution of the United States or of this State.

c. Notwithstanding any section of this chapter to the contrary, the State shall have an absolute right to appeal to an appellate court any ruling of the Family Court on a question of law or procedure adverse to the State in any case in which the accused was convicted or adjudicated delinquent and appeals from the judgment, except that the decision or result of the State's appeal shall not affect the rights of the accused unless the accused, on his or her appeal, is awarded a new trial or a new sentencing hearing. Once the State perfects its cross-appeal, the appellate court shall review and rule upon the questions presented therein regardless of the disposition of the accused's appeal.

---

7. *In re Bordley*, Del.Supr., 545 A.2d 619, 620 (1988) (quoting *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943); *In re State*, Del.Supr., 597 A.2d 1, 2 (1991) (citations omitted)).

8. *In re Petition of State*, Del.Supr., 616 A.2d 292, 294 (1992).

9. *In re Petition of State*, Del.Supr., 603 A.2d 814, 816 (1992) (quoting *United States v. United States District Court*, 9th Cir., 858 F.2d 534, 537 (1988)).

d. Notwithstanding any section of this chapter to the contrary, the State shall have an absolute right to appeal any sentence on the grounds that it is unauthorized by, or contrary to, any statute or court rule, in which case the decision or result of the State's appeal shall affect the rights of the accused.

e. Any appeal brought by the State pursuant to subparagraph c. or d. of this subsection shall be personally authorized by either the Attorney General or the Chief Deputy Attorney General.

(2) *Appeal in the discretion of the appellate court.*—The State may apply to an appellate court to permit an appeal to determine a substantial question of law or procedure, and the appellate court may permit the appeal in its absolute discretion. The appellate court shall have the power to adopt rules governing the allowance of such an appeal; but in no event shall the decision or result of the appeal affect the rights of the appellee and he shall not be obligated to defend the appeal, but the appellate court may require the Public Defender of the State to defend the appeal and to argue the cause; provided, however, that if the order appealed from is an order suppressing or excluding substantial and material evidence the appellate court may permit any interlocutory appeal of any pretrial order, and if the order suppressing such evidence is reversed, the appellee may be subjected to a trial.

The statute, therefore, permits the State to appeal from a final order of the Family Court that dismisses a charge; vacates a verdict, conviction, or judgment of delinquency based on the invalidity or construction of a statute upon which the charge is based; or vacates the conviction or judgment of delinquency for a lack of personal or subject matter jurisdiction.[10] Additionally, the State may seek appellate review from orders granting the defendant any post-trial relief or declaring any act of the General Assembly unconstitutional, and from any adverse ruling on a question of law or procedure when the accused is adjudicated delinquent.[11] The award of attorney fees, however, is not mentioned in the statute.

Alternatively, in this Court's discretion, the State may also seek review when the appeal presents a substantial question of law or procedure, however, the remedy available in that type of appeal is purely prospective and does not affect the rights of the appellee.[12] Because the Family Court's order fails to meet any of the stated grounds for appeal by right and any discretionary right to appeal would not provide relief in the case, *sub judice,* the State has no adequate remedy at law under 10 Del. C. § 1053.

Second, because any award of attorneys' fees imposed against the State would be payable from public funds, thereby implicating budget and funding considerations, the State will clearly suffer prejudice without the issuance of the writ.[13]

Lastly, this appeal presents an important legal question of first impression in Delaware which significantly impacts the entire criminal justice system. The Superior Court and the Court of Common Pleas both have rules substantially similar to Family Court Criminal Rule 16 that is at issue in this case.[14]

## IV.

The State contends that Family Court Criminal Rule 16 does not permit the Court to award attorney's fees and costs for its violation. Alternatively, the State argues that, if the Rule does permit an award, the Family Court is barred from imposing the award on the State under the doctrine of sovereign immunity absent an explicit waiver by the General Assembly.

Korn, in his motion to compel discovery, requested the award of reasonable attorney's fees and costs because of the State's alleged wilful failure to comply with its constitutional

---

10. 10 Del. C. § 1053(a)(1)a.

11. 10 Del. C. § 1053(a)(1)b–c.

12. 10 Del. C. § 1053(a)(2).

13. *See People v. District Court,* Colo.Supr., 808 P.2d 831, 835 (1991).

14. *See* Super. Ct.Crim. R. 16(d)(2); CCP Crim. R. 16(d)(2).

obligation under *Brady*. The Family Court granted this request and awarded attorney's fees and costs associated with the motion in the amount of $3,291.20.[15]

Family Court Criminal Rule 16 focuses on the parties' obligations and procedures necessary for pre-trial discovery. It closely follows Rule 16 of the Federal Rules of Criminal Procedure. Specifically, Family Court Criminal Rule 16(f), which is similar to Rule 16(d)(2) of the Federal Rules of Criminal Procedure, provides for sanctions for a litigant's failure to comply with Rule 16, stating:

> ... If at any time during the course of the proceedings it is brought to the attention of the Court that a party has failed to comply with this Rule or with an order issued pursuant to this Rule, the Court may order such party to permit the discovery or inspection of materials not previously disclosed, grant a continuance, or prohibit the party from introducing in evidence material not disclosed, or *it may enter such other order as it deems just under the circumstances*.[16] (Emphasis added).

## V.

Korn maintains that the emphasized language permits the Family Court to award attorney's fees incurred as a result of the violation of the discovery rule notwithstanding that the text of the rule does not mention attorney fees. We find this argument unpersuasive.

The failure of Rule 16(f) to include the award of attorney fees as a sanction creates, at best, ambiguity. In construing an ambiguous court rule, the court may use canons of statutory construction as intrinsic aids.[17] Under the canon of construction, *ejusdem generis* (of the same kind), in the absence of some indication of contrary intent, "where general language follows an enumeration of persons or things, by words of a particular and specific meaning, such general words are not to be construed in their widest extent, but are to be held as applying only to persons or things of the same general kind or class as those specifically mentioned."[18] Applying this rule, the text of Rule 16(f) provides that the Court may order a "party to permit the discovery or inspection of materials not previously disclosed, grant a continuance, or prohibit the party from introducing in evidence material not disclosed."[19] An award of monetary sanctions against the State is not mentioned in the rule and is not in conformity with the intent of the text of the rule.[20]

## VI.

In *People v. District Court*, the Colorado Supreme Court denied an award of attorney fees in construing Rule 16(III)(g) of the Colorado Rules of Criminal Procedure, which is the same as Family Court Criminal Rule 16(f). The Court found that the purpose of the remedies in the rule is to "right the

---

15. *In re State*, Del.Fam., Cr. No. JN96–2161 (May 16, 1997) (ORDER); *In re State*, Del.Fam., Cr. No. JN96–2161 (June 12, 1997) (ORDER).

16. In comparison, Rule 16(d)(2) of the Federal Rules of Criminal Procedure provides:

*Failure to Comply With a Request.* If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances. The Court may specify the time, place and manner of making the discovery and inspection and may prescribe such terms and conditions as are just.

17. *Greco v. State*, 347 Md. 423, 701 A.2d 419, 421 (1997) (stating that "[t]o interpret rules of procedure, [the court] use[s] the same principles and canons of construction as are used to interpret statutes").

18. *Triple C Railcar Serv. v. Wilmington*, Del. Supr., 630 A.2d 629, 631 (1993) (quoting BLACK'S Law Dictionary 464 (5th ed.1979)).

19. Fam. Ct.Crim. Rule 16(f).

20. *People v. District Ct.*, 808 P.2d at 836; *See also generally* 3 Charles A. Wright, *Federal Practice and Procedure* § 260 n.9 (2d ed.1982, Supp.1997) (finding that the Federal Courts which have interpreted the language "or enter such order as it deems just under the circumstances" have found that this language permits a court to grant a new trial to remedy the discovery violation).

imbalance in the criminal trial resulting from the discovery violation" and to permit "a fair trial [to] be conducted notwithstanding the discovery violation." [21] Korn cites no case where a court has awarded attorney fees for a violation of a rule similar to Family Court Criminal Rule 16.

■ Moreover, under the American Rule governing the award of attorney's fees, a court of law will not award attorney's fees unless a statute, contract or procedural rule makes the award explicit.[22] This is especially so if the award of attorney's fees would conflict with the doctrine of sovereign immunity.[23]

## VII.

Because we find that the text of Family Court Criminal Rule 16(f) does not indicate an intent to permit the Family Court to award attorney's fees, it is not necessary to address the State's argument that the General Assembly did not intend to permit a waiver of sovereign immunity.

Our ruling, which has the effect of vacating the award of counsel fees against the State, should not be viewed as condoning the conduct of the Deputy Attorney General who prosecuted this case in the Family Court. The failure to file timely and complete responses to legitimate discovery requests in this case is reprehensible. We find most disturbing the prosecutor's apparent lack of candor to the court and the apparent effort to place pre-dated documents in the Family Court file without notice to opposing counsel. Such conduct may obstruct access to evidence and constitute unfairness to an opposing party or counsel. *See* Rule 3.4(a),(c), and (d), *Delaware Rules of Professional Conduct.*

Equally disturbing is the lack of correction and control by the prosecutor's superiors when these derelictions were brought to their attention.

The writ of mandamus is, therefore, **GRANTED** and the Family Court is directed to vacate its May 16, 1997 Order and June 12, 1997 Order to the extent the Orders award attorney's fees and costs.

---

21. *Id.* at 836.

22. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 241, 95 S.Ct. 1612, 1613, 44 L.Ed.2d 141 (1975); *Brice v. State of Del.,* Del. Supr., 704 A.2d 1176, 1179 n. 1, 2 (1998) (citing examples of statutes which specifically authorize an award of attorney's fees or counsel fees). Examples of procedural rules which authorize an award of attorney's fees can be found in Supr. Ct. Rule 33, Chancery Ct. Rule 11(c), 30(g) and (h), 37(c) and (d), 56(g), Super. Ct. Civ. Rule 11(c), 16(f), 30(h), 37(c) and (d), 56(g), 107(e), CCP Civ. R. 11(c), 30(g) and (h), 37(c) and (d),

55(b), 56(g), 107(e), and Fam. Ct. Civ. R. 11(c), 16(d), 30(g) and (h), 37(c) and (d).

23. *People v. District Court,* 808 P.2d at 836; *but cf. Brice v. State of Del., Dept. of Correction,* Del.Supr., 704 A.2d 1176 (1998); *See Loretto Literary & Benevolent Inst. v. Blue Diamond Coal Co.,* Del. Ch. 444 A.2d 256 (1982) (where a court or judicial body has the equitable power to make whole, it is permissible for the court or judicial body to impose the award of attorney's fees against the State, including State agencies, under the bad faith exception to the American Rule).