**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

MEGHAN A. ADAMS
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0634

June 25, 2026

Jaclyn C. Levy, Esq.
Samuel G. Gustafson, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street, 6th Floor
Wilmington, DE 19801

Melissa Donimirski, Esq.
Stevens & Lee
919 North Market Street, Suite 1300
Wilmington, DE 19801

> RE: *Shareholder Represent v. Follett Parent, LP*
> C.A. No. N25C-12-337 MAA CCLD

Counsel:

The Court has reviewed Follett Parent, LP's ("Defendant") Motion for Reargument and Shareholder Representative Services, LLC's ("Plaintiff") opposition thereto. For the reasons stated herein, the Motion for Reargument is DENIED.[1]

A motion for reargument "provide[s] the trial court with an opportunity to reconsider a matter and to correct any alleged legal or factual errors prior to an appeal."[2] Rule 59(e) of the Delaware Superior Court Civil Rules governs a motion for reargument and requires the motion be filed within five days of the decision. A motion for reargument "will be granted 'only if the Court has overlooked precedent

---

[1] The Court assumes familiarity with the facts. A detailed recitation of the facts can be found in the Court's memorandum opinion resolving Defendant's motion to dismiss. *S'holder Representative Servs., LLC v. Follett Parent, LP*, 2026 WL 1506785 (Del. Super. May 29, 2026).
[2] *Bowen v. E.I. duPont de Nemours & Co., Inc.*, 879 A.2d 920, 921 (Del. 2005) (citing *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969)).

or legal principles, or the Court has misapprehended the law or the facts such as would have changed the outcome of the underlying decision.'"[3]  Such motions "should not be used merely to rehash arguments already decided by the court[.]"[4]

Defendant's Motion for Reargument centers around Plaintiff's allegation that the Lumen Interest was sold at "four to five times less than [its] fair market value" (Fair-Market Allegation).[5]  Defendant contends Plaintiff shifted the factual basis of the Fair-Market Allegation during the pleadings stage.[6]  Defendant asserts the Complaint based the Fair-Market Allegation on an "actual" sale,[7] while Plaintiff's Counsel later represented in oral argument the Fair-Market Allegation was based on "independent valuations."[8]

Defendant now argues the Court should require Plaintiff to amend the Complaint to reflect this shift in factual basis.[9]  Defendant contends the amendment will appropriately narrow Plaintiff's scope of discovery, which to date has been overbroad and overly burdensome.[10]  Defendant also argues Defendant should be

---

[3] *Snipe v. Boulden Servs., LLC*, 2024 WL 550095, at *1 (Del. Super. Feb. 8, 2024) (quoting *State v. Brinkley*, 132 A.3d 839, 842 (Del. Super. 2016)).
[4] *Blevins v. Metzgar*, 2017 WL 2709748, at *1 (Del. Super. June 22, 2017) (citing *Woodward v. Farm Family Cas. Ins. Co.*, 2001 WL 1456865, at *1 (Del. Super. Aug. 24, 2001)).
[5] D.I. 1 ["Compl."] ¶¶ 12, 41, 59, 67, 85; D.I. 46 ["Mot. for Reargument"] ¶ 1.
[6] Mot. for Reargument ¶¶ 1, 20.
[7] *Id.* ¶¶ 1, 8-10.
[8] *Id.* ¶¶ 1, 11, 20-24.
[9] *Id.* ¶¶ 5, 28-30.
[10] *Id.* ¶ 4.  Defendant argues Plaintiff now relies on its oral allegations to engage in "scorched-earth discovery tactics" amounting to "harassment at the outset of discovery. *Id.* ¶ 5, 18.

given an opportunity to challenge the reasonably conceivable nature of these "independent valuations," particularly because the Court relied upon the Fair-Market Allegation to make a permissive inference for Count I.[11]

Defendant's arguments are unconvincing. As Plaintiff highlights in its opposition to the Motion for Reargument,[12] the Court held Plaintiff pled "*multiple facts making it reasonably conceivable* [Defendant] did not use reasonable best efforts to sell the Lumen Interest at all relevant times."[13] Phrased differently, the permissive inference the Court drew for Count I was not dependent on the Fair-Market Allegation.

The Court found Plaintiff had plead at least two additional facts—both independent from the Fair-Market Allegation—that justified the permissive inference. First, Plaintiff alleged "[Defendant] had refused, on multiple occasions, to provide evidence [Defendant] used reasonable best efforts."[14] Second, Plaintiff alleged "[Defendant] received no offers to purchase the Lumen Interest in the first thirty months after closing, but then received two offers within about a month starting in late 2024."[15]

---

[11] *Id.* ¶¶ 5, 12-13, 20, 22. Defendant views the Fair-Market Allegation as "material" to Count I, thus justifying reargument. *Id.* ¶ 13.
[12] D.I. 50 ["Opp. Br."] at 3.
[13] *S'holder Representative Servs.*, 2026 WL 1506785 at *8 (emphasis added).
[14] *Id.*
[15] *Id.*

Either of these two facts, which Defendant omitted from its Motion for Reargument, form a sufficient basis to draw the permissive inference Defendant "did not use reasonable efforts to sell the Lumen Interest at all relevant times."[16]  In other words, even if Plaintiff had not pled the Fair-Market Allegation, the Court would have reached the same dispositive inference for Count I.  Defendant's Motion for Reargument must therefore be denied, as Defendant cannot show the outcome of the Court's underlying decision would have been different absent reliance on the Fair-Market Allegation.[17]

In denying Defendant's Motion for Reargument, the Court declines to address Defendant's discovery concerns.  These concerns are more appropriately addressed

---

[16] *Id.*

[17] Plaintiff has requested, under the bad faith exception to the American Rule, fees and costs incurred through responding to this motion.  Opp. Br. at 7.  "Delaware follows the general rule that, regardless of the outcome of litigation, each party is responsible for paying his or her own attorneys' fees." *In re SS & C Techs., Inc. S'holders Litig.*, 948 A.2d 1140, 1149 (Del. Ch. 2008) (citing *Johnston v. Arbitrium (Cayman Islands) Handels AG*, 720 A.2d 542, 545 (Del. 1998)).  An exception to the American Rule is bad faith. *Id.*  The purpose of the bad faith exception is to "deter abusive litigation in the future, thereby avoiding harassment and protecting the integrity of the judicial process." *Kaung v. Cole Nat. Corp.*, 884 A.2d 500, 506 (Del. 2005) (internal citations removed) (quoting *Brice v. State*, 704 A.2d 1176, 1178 (Del. 1998)).  "The bad faith exception is not lightly invoked." *Beck v. Atlantic Coast PLC*, 868 A.2d 840, 851 (Del. Ch. 2005).  "To award fees under the bad faith exception, the party against whom the fee award is sought must be found to have acted in subjective bad faith." *In re SS & C Techs.*, 948 A.2d at 1150.  The party seeking a fee award under the bad faith exception bears a stringent evidentiary burden of producing "clear evidence" of bad-faith conduct. *Beck*, 868 A.2d at 851.  The Court finds Plaintiff has not meet this steep evidentiary burden, nor is there sufficient evidence Defendant has acted in subjective bad faith by filing the motion for reargument.  The Court therefore denies Plaintiff's request for fees and costs under the bad faith exception to the American Rule.

in specific discovery motions, not on a motion for reargument.[18]  Separate discovery

motions will provide both Parties with a fair opportunity to fully brief any discovery

disputes between the Parties.

     **IT IS SO ORDERED.**

                    Sincerely,

                    */s/ Meghan A. Adams*

                    Meghan A. Adams, Judge

cc:  All Counsel via File and Serve
MAA/ls

---

[18] It is evident to the Court discovery disputes are underlying, and perhaps have prompted, Defendant's Motion for Reargument.  A motion for reargument is not an appropriate motion to address the scope of discovery or how discovery is being conducted by a party.  If a discovery dispute arises, an appropriate motion can be made to ensure discovery is conducted in a fair and reasonable manner.  Only at that time can the Court evaluate whether discovery is being conducted appropriately.