**DELAWARE BOARD OF NURSING,**
Appellee Below, Appellant,

v.

**Michele Bice GILLESPIE, Appellant
Below, Appellee.**

No. 661, 2011.

Supreme Court of Delaware.

Submitted: March 21, 2012.
Decided: March 30, 2012.

Barbara J. Gadbois, Esquire, Department of Justice, Wilmington, Delaware, for appellant.

Michael W. Arrington, Esquire, Parkowski, Guerke & Swayze, P.A., Wilmington, Delaware, for appellee.

Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

HOLLAND, Justice:

The appellant, Delaware Board of Nursing (the "Board"), appeals from a Superior Court decision reversing the Board's decision to suspend the nursing licenses of the appellee, Michele Gillespie ("Gillespie"). The Board suspended Gillespie's licenses for two years based on a finding that Gillespie violated title 24, section 1922(a)(8) of the Delaware Code and Board Rule 10.4.1 by failing to report child sexual abuse as required by title 16, section 903 of the Delaware Code.[1] The Superior Court held that the Board erred as a matter of law in interpreting section 903 to impose the mandatory reporting requirement on nurses for information learned outside of their employment.

The Board raises two arguments on appeal. First, the Board contends that it did not err in finding that Gillespie committed the above-referenced violations by failing to report child sexual abuse as required by title 16, section 903 of the Delaware Code. Second, the Board submits that its decision finding a violation of the applicable provisions was supported by substantial evidence. Gillespie argues that the Board's appeal is barred by a conflict of interest.

---

1. At the time Gillespie's case was pending before the Board, section 903 imposed a mandatory reporting requirement on "[a]ny physician, and any other person in the healing arts including any person licensed to render services in medicine, osteopathy, dentistry, any intern, resident, nurse, school employee, social worker, psychologist, medical examiner or any other person. . . ." Del.Code Ann. tit. 16, § 903 (2003).

We have concluded that the Board's contentions are without merit. Therefore, the judgment of the Superior Court must be affirmed. Accordingly, we need not reach the conflict of interest issue raised by Gillespie.

### Facts and Procedural History [2]

Gillespie is a licensed registered nurse and family nurse practitioner. In December 2009, Gillespie was arrested and charged by the State with Endangering the Welfare of a Child in violation of title 11, section 1102 of the Delaware Code. Three months later, the State filed a Complaint with the Board alleging that Gillespie was guilty of unprofessional conduct for failing to report "several incidents of sexual abuse inflicted by two young boys on three younger children" to the children's parents or any other authority enumerated in title 16, section 903 of the Delaware Code. All of the children involved were Gillespie's grandchildren.

A Panel of the Board held an evidentiary hearing to determine whether Gillespie had violated title 24, section 1922(a)(8) and Board Rule 10.4.1 relating to the report of child abuse. The parties stipulated to the facts alleged in six paragraphs of the complaint. Thus, Gillespie admitted that she was a nurse, that she was aware of incidents of sexual abuse among her grandchildren, and that she did not notify any authority enumerated in section 903.

The Panel heard brief testimony from Gillespie and Gillespie's ex-daughter-in law. Gillespie testified that her other daughter-in-law told her about the sexual abuse. Her daughter-in-law had heard about the abuse, in turn, from her own son. Gillespie testified that she immediately called Nicole Fonseca, her ex-daughter-in-law and the mother of the other children involved. Gillespie testified that she informed Fonseca of the reported abuse and advised her to take the children to A.I. DuPont Children's Hospital for examination. Fonseca testified that Gillespie never told her to go to the hospital, but merely said "the kids need counseling." It was undisputed that all information regarding the abuse came to Gillespie through third-hand recitations, and that the parents of all the children involved—as abuser or abused—were informed.

The Panel recommended a two-year suspension of Gillespie's two nursing licenses and continuing education on the importance of reporting sexual abuse. The Board adopted the recommendation of the Panel. On appeal, the Superior Court reversed, holding that the Board erred by applying section 903 to information learned by a nurse outside the scope of her employment. Because there was no violation of section 903, the Superior Court also found that the Board's decision was not supported by substantial evidence. This appeal followed.

### Standard of Review

We review a decision of the Board for errors of law and determine whether substantial evidence exists to support the Board's findings of fact and conclusions of law.[3] "Substantial evidence equates to 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[4] We will not

---

2. Unless otherwise noted, the relevant facts are taken from the Superior Court opinion. *Gillespie v. Delaware Bd. of Nursing*, 2011 WL 6034789 (Del.Super.Ct. Nov. 17, 2011).

3. *Person–Gaines v. Pepco Holdings, Inc.*, 981 A.2d 1159, 1161 (Del.2009) (citing *Stanley v.*

*Kraft Foods, Inc.*, 2008 WL 2410212, at *2 (Del.Super.Ct. Mar. 24, 2008)).

4. *Id.* (quoting *Olney v. Cooch*, 425 A.2d 610, 614 (Del.1981)).

weigh the evidence, determine questions of credibility, or make our own factual findings.[5] Errors of law are reviewed *de novo*.[6] Absent an error of law, the standard of review for a Board's decision is abuse of discretion.[7]

### Applicable Statute

■ At the time Gillespie's case was pending before the Board, title 16, section 903 of the Delaware Code stated:

Any physician, and any other person in the healing arts including any person licensed to render services in medicine, osteopathy, dentistry, any intern, resident, nurse, school employee, social worker, psychologist, medical examiner or any other person who knows or in good faith suspects child abuse or neglect shall make a report in accordance with § 904 of this title. In addition to and not in lieu of reporting to the Division of Family Services, any such person may also give oral or written notification of said knowledge or suspicion to any police officer who is in the presence of such person for the purpose of rendering assistance to the child in question or investigating the cause of the child's injuries or condition.[8]

This provision was amended in 2010, and now expressly provides that the duty to report applies to all persons.[9]

Title 24, section 1922(a)(8) of the Delaware Code provides that the Board may impose sanctions when it finds a licensee guilty of any offense described therein, including "unprofessional conduct as shall be determined by the Board, or the willful neglect of a patient[.]"[10] Board Rule 10.4.1 further provides that "[n]urses whose behavior fails to conform to legal standards and accepted standards of the nursing profession and who thus may adversely affect the health and welfare of the public may be found guilty of unprofessional conduct."[11]

### Superior Court Decision

Section 903, as it existed in 2009, was expressly limited to those "in the healing arts including any person licensed to render services in medicine." The Superior Court determined that the statute was ambiguous as to whether the covered persons "were required to report incidents of abuse about which they acquire knowledge outside the scope of their employment."[12] Thus, the Superior Court considered section 903 in light of section 908,[13] and determined that the distinguishing feature of section 903's mandatory reporting requirement was its applicability to a narrow set of persons—medical service providers. Because Gillespie learned of the abuse in her role as a grandmother, and not as a nurse, the Superior Court found that her failure to report could not be grounds for finding unprofessional conduct.[14]

5. *Id.* (citing *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66–67 (Del.1965)).

6. *Id.*

7. *Id.* (citing *Stanley v. Kraft Foods, Inc.*, 2008 WL 2410212, at *2).

8. Del.Code Ann. tit. 16, § 903 (2003).

9. 77 Del. Laws ch. 320, § 1 (2010).

10. Del.Code Ann. tit. 24, § 1922(a)(8) (2005).

11. 24 Del. Admin. Code § 1900–10.4.1.

12. *Gillespie v. Delaware Bd. of Nursing*, 2011 WL 6034789, at *3.

13. Section 908 provides immunity from liability to "[a]nyone participating in good faith in the making of a report or notifying police officers" of child abuse. Del.Code Ann. tit. 16, § 908 (2003).

14. The Superior Court also noted that its interpretation was consistent with the interpretation of comparable statutes in some other jurisdictions. *Gillespie v. Delaware Bd. of Nursing*, 2011 WL 6034789, at *4.

### Board's Contention

The Board contends that the statute was not ambiguous, and that it correctly applied the literal meaning of the statute in determining that Gillespie engaged in unprofessional conduct. The Board also argues that, under the plain terms of the statute, the mandatory reporting duty was imposed on those in the medical profession *and* "any other person who knows or in good faith suspects child abuse or neglect."[15] Under this interpretation, Gillespie had a duty to report irrespective of her nursing license.

### Statute Properly Construed

 "The goal of statutory construction is to determine and give effect to legislative intent."[16] Where a statute is ambiguous, it should be interpreted "in a way that will promote its apparent purpose and harmonize it" with the statutory scheme.[17] A statute is ambiguous if "it is reasonably susceptible of different conclusions or interpretations" or "if a literal reading of the statute would lead to an unreasonable or absurd result not contemplated by the legislature."[18]

Principles of statutory interpretation support the Superior Court's interpretation here. The Superior Court did not err in finding the statute ambiguous as to whether the reporting duty applied only to information obtained in a person's role as a medical service provider. Given the narrow class of professionals articulated in the statute, it is reasonable to infer that the legislature intended to target those persons positioned to learn of child abuse in the course of their work. The Superior Court had previously interpreted section 903 as applicable to a limited set of persons who obtain information in the course of their employment, and thus distinguished section 903 from section 908—which provides immunity to all persons "participating" in reports of child abuse.[19]

Likewise, principles of statutory constructions instruct that the general phrase "and any other person" following the list of specifically enumerated professionals should be interpreted in light of that specific list. *Noscitur a sociis* provides that "words grouped in a list should be given related meaning."[20] Likewise, the well-established principle *ejusdem generis* instructs that, "where general language follows an enumeration of persons or things, by words of a particular and specific meaning, such general words are not to be construed in their widest extent, but are to be held as applying only to persons or things of the same general kind or class as

---

15. Del.Code Ann. tit. 16, § 903 (2003).

16. *LeVan v. Independence Mall, Inc.*, 940 A.2d 929, 932 (Del.2007) (quoting *Eliason v. Englehart*, 733 A.2d 944, 946 (Del.1999)).

17. *Id.* at 933 (quoting *Eliason v. Englehart*, 733 A.2d at 946).

18. *Id.* (quoting *Newtowne Vill. Serv. Corp. v. Newtowne Rd. Dev. Co.*, 772 A.2d 172, 175 (Del.2001)).

19. *See Hedrick v. Quest Diagnostics Clinical Labs., Inc.*, 807 A.2d 584, 593 (Del.Super.Ct.2002) ("[I]mmunity is not granted to just those statutorily-listed persons in § 903 but to anyone participating in the making of a report to the Division. The fact that the General Assembly, in enacting § 908, made such a choice in granting immunity is another indication of the intent to make that grant broad. The difference between § 903 and § 908 cannot be viewed as an oversight. The legislature is presumed to have used these different provisions for different reasons and intended a distinction.") (internal citations omitted).

20. *Dole v. United Steelworkers of America*, 494 U.S. 26, 36, 110 S.Ct. 929, 108 L.Ed.2d 23 (1990). *See also Gustafson v. Alloyd Co.*, 513 U.S. 561, 575, 115 S.Ct. 1061, 131 L.Ed.2d 1 (1995).

those specifically mentioned." [21]

Here, it is reasonable to interpret the statutory phrase "or any other person" in light of the preceding, specific enumeration of persons who would likely learn of child abuse in the scope of their duties in schools, hospitals, and counseling services. Thus, the statute did not plainly cover *any* person who might learn of sexual abuse in any context. Moreover, this rule of construction supports the Superior Court's determination that the statute should not apply to those enumerated persons who learn of the abuse exclusively in a family context. Accordingly, we hold that the Superior Court properly determined that the Board of Nursing erred in its interpretation of title 16, section 903 for purposes of applying title 24, section 1922(a)(8) and Board Rule 10.4.1.

### No Substantial Evidence

The Superior Court did not err in concluding that, absent a violation of section 903, there was no substantial evidence to support the Board's decision. Gillespie had no prior disciplinary history, and the Board did not articulate any basis for sanctioning Gillespie other than the fact that she failed to report the abuse to DFS. The Superior Court correctly concluded that "[a]lthough unprofessional conduct does not require the violation of a statute, the Board's decision was based upon a finding that Appellant did not satisfy her statutory duty." [22]

### Conclusion

The judgment of the Superior Court is affirmed.

---

**21.** *Aspen Advisors LLC v. United Artists Theatre Co.*, 861 A.2d 1251, 1265 (Del.2004) (quoting *Petition of State*, 708 A.2d 983, 988 (Del.1998)).

**22.** *Gillespie v. Delaware Bd. of Nursing*, 2011 WL 6034789, at *4.