Randall RICHARDSON, Appellant
Below–Appellant

v.

BOARD OF COSMETOLOGY & BAR-
BERING OF THE STATE of Dela-
ware, Appellees Below–Appellees.

No. 536, 2012.

Supreme Court of Delaware.

Submitted: April 17, 2013.
Decided: June 20, 2013.

Richard L. Abbott, Esquire, of Hockessin, Delaware for Appellant.

Barbara J. Gadbois, Esquire, of the Department of Justice, Wilmington, Delaware for Appellee.

Before STEELE, Chief Justice, and HOLLAND, BERGER, JACOBS and RIDGELY, Justices, constituting the court en banc.

RIDGELY, Justice:

Randall Richardson is a Delaware cosmetologist. In 2011, the Board of Cosmetology and Barbering suspended his license due to his leasing of work space to his wife, a nail technician who Richardson knew did not have a valid license. Richardson's case was first heard before a Hearing Officer, who made findings of fact and recommendations to the Board. The Hearing Officer recommended a fine and a 90–day suspension of Richardson's license. The Board voted to adopt the Hearing Officer's recommendations. The Superior Court affirmed the Board's decision.

Richardson challenges five aspects of the Board's action: (1) the Board failed to create a complete record for this Court to review on appeal; (2) the Board failed to properly appoint the Hearing Officer to Richardson's case; (3) the Board failed to consider Richardson's exceptions to the Hearing Officer's recommendation; (4) the Board erred in suspending Richardson's Cosmetology License because Richardson only violated the requirements of his Shop License; and (5) the Hearing Officer lacks statutory authority to conduct hearings involving potential license suspensions.

We hold that the Hearing Officer had the authority to act and that the Board has the authority to suspend Richardson's Cosmetology License due to his violations of the Shop License. But, we also hold the Board created an insufficient record for appellate review. Accordingly, we **RE-VERSE** the Superior Court's judgment

and **REMAND** this matter for further proceedings.

### Facts and Procedural History

Richardson has been licensed as a cosmetologist in Delaware since 1993. He owned, operated and managed Trilogy Salon and Day Spa ("Trilogy") in Newark. Richardson leased space in Trilogy to his wife, Sharon Richardson ("Sharon") to use as a nail technician. Richardson knew that from 2002 through 2008 Sharon worked at Trilogy with an expired Nail Technician License. In 2008, a state investigator from the Division of Public Regulation informed Richardson that Sharon's license was expired. Sharon subsequently received a Nail Technician Temporary Permit in March of 2010—which expired on December 31, 2010—and ultimately obtained a valid Nail Technician license on March 9, 2011. Between December 31, 2010 and March 9, 2011, while her Temporary Permit was expired, Sharon continued to work at Trilogy without a valid license.

The State filed a complaint with the Board alleging that Richardson violated 24 *Del. C.* § 5113(a)(7) by knowingly permitting Sharon to work at Trilogy while she lacked a valid Nail Technician license. Richardson acceded to a Consent Agreement under which Richardson consented to discipline in the form of one year of probation and a $750 fine. The Board rejected the agreement because the punishment "was not severe enough."

A disciplinary hearing, during which arguments were heard and evidence was admitted, was conducted before the Chief Hearing Officer with the Division of Public Regulation. In his Recommendations to the Board, the Hearing Officer made findings of fact and conclusions law, and determined that Richardson "acted cavalierly in regard to his clear legal obligations" by permitting Sharon to continuously work at Trilogy despite knowing that Sharon's license had expired. The Hearing Officer recommended that in addition to one year of probation and a $750 fine, Richardson's Cosmetology License should be suspended for 90 days. Richardson filed exceptions to the Hearing Officer's Recommendations with the Board, which alleged that the hearing was void because it was required by statute to be conducted by the Board, not the Hearing Officer, and the Hearing Officer failed to properly consider mitigating factors, including that this was a single offense, and Richardson's first offense in his eighteen years as a licensed cosmetologist.

At the Board's public meeting on September 26, 2011, Richardson's attorney asked to comment on the Hearing Officer's Recommendations. The Board refused, stating in its minutes of the meetings, "the [Hearing Officer's] findings of fact are binding upon the Board and no further argument would be accepted." The Board then unanimously approved the Hearing Officer's Recommendations without any further argument or discussion. Apart from the minutes, there is no record or transcript of the meeting.

By Order dated October 7, 2011, the Board adopted the Hearing Officer's conclusions and disciplinary recommendations. The Board found that pursuant to 29 *Del. C.* § 8735(t)(1)(d),[1] the Hearing Officer's findings of fact were binding on the Board. In its Order, the Board examined at length—and rejected—Richardson's first exception: that the Hearing Officer lacked statutory authority to conduct the hearing.

---

1. Since the Board's decision, this provision has been re-codified as 29 *Del. C.* § 8735(v)(1)(d).

The Board concluded that the statute was "clear and unambiguous" in vesting authority in the Hearing Officer to conduct Hearings for the Board.

On appeal to the Superior Court, Richardson argued the same five claims that he raises in this appeal.[2] The Superior Court affirmed the Board's Order.[3] Specifically, the Superior Court found that: (1) a complete record was created by the Hearing Officer, and the Board was not required to create a record of its September 26 meeting; (2) the Board was not required to formally designate the Hearing Officer to conduct Richardson's hearing; (3) Richardson's argument that the Board failed to consider his exceptions to the Hearing Officer's recommendations was unsupported by the record; (4) 24 *Del. C.* §§ 5113 and 5114 do not sharply distinguish violations of cosmetology licenses and shop licenses; and (5) the Hearing Officer is not prevented from conducting disciplinary hearings concerning licenses.[4] This appeal followed.

### Discussion

 We review an administrative agency's decision for legal error and to determine whether the agency's factual findings and legal conclusions are supported by substantial evidence.[5] Errors of law are reviewed *de novo*, but if there is no legal error, we review the agency's decision for abuse of discretion.[6] Questions of statutory interpretation are legal questions which this Court reviews *de novo*.[7]

Richardson's claims on appeal require interpretation of 29 *Del. C.* § 8735(v)(1). The General Assembly enacted 29 *Del. C.* § 8735(v)(1) to give the Division of Public Regulation "the power to retain hearing officers to handle evidentiary hearings and other matters."[8] By its terms, § 8735(v)(1) creates the full-time position of Hearing Officer "[w]ith respect to case decisions arising under Title 29, Chapter 101, subchapter III."[9] The provision confers upon Hearing Officers "[a]ll powers and duties conferred or imposed upon such hearing officers by law or by the Rules of Procedure for any board or commission under Titles 23, 24 and 28."[10] Title 24 creates regulatory boards for a number of professions, including cosmetologists; accordingly, § 8735(v)(1) applies to the Board of Cosmetology and Barbering.[11]

The Hearing Officer's powers under § 8735(v)(1) include the "power to conduct hearings, including any evidentiary hearings."[12] Specifically, § 8735(v)(1)(d) states:

> The testimony or evidence so taken [by the Hearing Officer] shall have the same force or effect as if taken or received by the board. . . . Upon completion of such hearings or the taking of such testimony

---

2. *Richardson v. Bd. of Cosmetology & Barbering,* 2012 WL 3834905 (Del.Super. Aug. 30, 2012).

3. *Id.* at 6–8.

4. *Id.*

5. *Delaware Bd. of Nursing v. Gillespie,* 41 A.3d 423, 425 (Del.2012) (citations omitted).

6. *Id.* at 426 (citations omitted).

7. *Delaware Bay Surgical Serv. v. Swier,* 900 A.2d 646, 652 (Del.2006) (*citing Coastal Barge Corp. v. Coastal Zone Indus. Control Bd.,* 492 A.2d 1242, 1246 (Del.1985)).

8. (A7.) (Del. House Bill No. 459).

9. 29 *Del. C.* § 8735(v)(1). This language is the focus of Richardson's fifth claim on appeal. Appellant's Opening Brief at 30–31.

10. 29 *Del. C.* § 8735(v)(1)(a).

11. 24 Del. C. § 5100 et seq.

12. 29 *Del. C.* § 8735(v)(1)(d).

and evidence, the hearing officer shall submit to the board ... findings and recommendations thereon. *The findings of fact made by a hearing officer on a complaint are binding upon the board....* The board ... may not consider additional evidence. When the proposed order is submitted to the board ... a copy shall be delivered to each of the other parties, who shall have 20 days to submit written exceptions, comments and arguments concerning the conclusions of law and recommended penalty. The board ... shall make its final decision to affirm or modify the hearing officer's recommended conclusions of law and proposed sanctions based upon the written record.[13]

 It is well-settled law in Delaware that the goal of statutory construction is to give effect to legislative intent.[14] The doctrine of *in pari materia* is another well-settled rule of statutory construction.[15] Under this rule, related statutes must be read together rather than in isolation, particularly when there is an express reference in one statute to another statute.[16]

### The Record of the Board's Hearing is Statutorily Insufficient

As to Richardson's first claim on appeal, Richardson argues that the Board failed to create a complete record for judicial review. Section 10125(d) of the Administra-

tive Procedures Act ("APA") requires agencies—including the Board—to make a record "from which a verbatim transcript can be prepared ... [for] *all hearings in all contested cases.*"[17] The APA defines "record" as including, with respect to each case:

> [A]ll notices, correspondence between the agency and the parties, all exhibits, documents and testimony admitted into evidence and all recommended orders, summaries of evidence and findings and all interlocutory and final orders of the agency shall be included in the agency's record of the case and shall be retained by the agency.[18]

29 *Del. C.* § 8735(v)(1)(d) states that any testimony or evidence taken by the Hearing Officer shall have the same force and effect as if it were taken by the Board.[19] Section 8735(v)(1)(d) states that parties may file exceptions to the Hearing Officer's Recommendations with the Board,[20] but includes no procedures or requirements pertaining to the Board's review of a party's exceptions. The provision further requires the Board to make its final decision "based upon the written record."[21]

 Section 8735(v)(1) does not address the requirement of a record when a party contests before the Board the recommendations of the Hearing Officer. But the APA does require a record of a

---

13. *Id.* (emphasis added).

14. *Gillespie,* 41 A.3d at 427 (*citing LeVan v. Independence Mall, Inc.,* 940 A.2d 929, 932 (Del.2007)); *Spielberg v. State,* 558 A.2d 291, 293 (Del.1989) (citation omitted).

15. *Watson v. Burgan,* 610 A.2d 1364, 1368 (Del.1992).

16. *See id.; State Farm Mut. Auto. Ins. Co. v. Wagamon,* 541 A.2d 557, 560 (Del.1988).

17. 29 *Del. C.* § 10125(d) (emphasis added). "A record from which a verbatim transcript

can be prepared shall be made of all hearings in all contested cases. Transcripts shall be made at the request and expense of any party."

18. *Id.* at § 10127(d).

19. 29 *Del. C.* § 8735(v)(1)(d).

20. *Id.*

21. *Id.*

contested case hearing before the Board. Pursuant to § 8735(v)(1)(d), Richardson filed exceptions to the Hearing Officer's Recommendations challenging the recommended penalty as excessive.[22] The recommendation of a penalty is not binding upon the Board. Richardson was not contesting the Hearing Officer's factual findings, which are binding on the Board. By contesting the Hearing Officer's Recommendations, Richardson triggered the protections of § 10125(d) of the APA which requires that a record be kept of the meeting from which a verbatim transcript could be prepared.[23] Such a record of the proceedings before the Board, is necessary for appellate review. Section 10142(d) of Delaware's Administrative Procedures Act ("APA") provides that if an agency record is insufficient for appellate review, the reviewing court "shall remand the case to the agency for further proceedings on the record."[24] Accordingly, we must remand this case for further proceedings before the Board for on-the-record consideration of Richardson's exceptions as presented at the new hearing by his counsel.

### The Hearing Officer was Properly Appointed

As to Richardson's second claim, Richardson argues that the Board was required to conduct Richardson's disciplinary hearing because the Board failed to properly appoint the Hearing Officer. Section 10125(a) of the APA provides that agency hearings may be conducted by the agency or by "a subordinate designated for that purpose."[25] The APA defines "subordinate" as less than a quorum of the board that constitutes the agency, or "[a]ny person or persons designated in writing to act on its behalf."[26] Richardson relies on the foregoing provisions of the APA to argue that the Hearing Officer had to be formally appointed by the Board as the Board's "subordinate" in order to conduct the hearing. This argument ignores the plain and unambiguous language of § 8735(v)(1), which expressly confers upon the Hearing Officer all powers and duties possessed by the Board.[27] The provision further grants the Hearing Officer broad authority to conduct hearings, and any testimony and evidence taken by the Hearing Officer has "the same force and effect" as if taken by the Board.[28] Given the express intent of the General Assembly on authority of the Hearing Office, a separate appointment under the APA is not required to confer authority.

### The Board has Authority to Suspend Richardson's Cosmetology License

As to Richardson's fourth claim, Richardson argues that the Board wrongly suspended Richardson's Cosmetology License when only his Shop License was in violation. The Board suspended Richardson's

---

22. (A87–89.)

23. 29 *Del. C.* § 10125(d).

24. 29 *Del. C.* § 10142(c).

25. *Id.* § 10125(a).

26. *Id.* § 10102(8)(a)-(b).

27. 29 *Del. C.* § 8735(v)(1). "There is hereby created within the Department of State the full-time position of hearing officer.... [T]he hearing officers shall have: (a) All powers and duties conferred or imposed upon such hearing officers by law or by the Rules of Procedure for any board or commission under Titles 23, 24, and 28; (b) The power to administer oaths and affirmations; (c) The power to hear and determine any prehearing matter pending before any board or commission under Titles 23, 24, and 28.... (d) The power to conduct hearings, including any evidentiary hearings."

28. *Id.* at § 8735(v)(1)(d).

Cosmetology License pursuant to 24 *Del. C.* § 5113(a)(7), which subjects a licensee to discipline when the licensee has:

> Knowingly employed or cooperated in the hiring or contracting for the services of, or, as the owner or operator of a beauty salon ... *leased space* or otherwise entered into a contractual relationship with, any unlicensed person or persons required by this chapter to hold an unrestricted license to practice any of the professions regulated by this chapter.[29]

The APA provides that no license shall be suspended or revoked by an agency unless the licensee fails to comply with the lawful requirements for retaining the license.[30] Title 24 requires separate licenses for working as a cosmetologist and for owning, operating, or maintaining premises at which cosmetology services will be offered.[31] Neither § 5113 nor § 5114 differentiate between Shop Licenses and Cosmetology Licenses for violations or corresponding discipline. Section 5113 simply states that the enumerated violations apply to "[p]ractitioners regulated under this chapter" and subjects those practitioners to discipline under § 5114.[32] Section 5113(a)(7), the provision to which Richardson has stipulated to violating, also does not delineate between Shop Licensees and Cosmetologists. Further, the provision does not merely apply to employers of unlicensed practitioners, but to those who *lease space* to, or otherwise enter into a contractual relationship with unlicensed persons.[33] Richardson has stipulated to leasing space in Trilogy to his wife Sharon, even though Richardson knew Sharon did not possess a valid Nail Technician License. This falls squarely within § 5113(a)(7). While the Board may choose not to suspend Richardson's cosmetology license on remand, it is within its authority to do so.

### Richardson's Remaining Claims

Richardson contends that the Board failed to consider Richardson's exceptions during the September 26 meeting. We need not address this argument, because a remand is required for a record to be made of the proceedings with the opportunity for Richardson to be heard through his counsel. Richardson's final claim is that the Hearing Officer lacked statutory authorization to conduct hearings involving potential license suspensions. During oral argument, Richardson's attorney abandoned this claim, and acknowledged that the APA's broad definition of "case decision" includes hearings that could result in potential license suspensions.[34] Accordingly, there is no need to address this claim further.

### Conclusion

The judgment of the Superior Court is **REVERSED** and this matter is **REMANDED**.

29. 24 *Del. C.* § 5113(a)(7) (emphasis added).

30. 29 *Del. C.* § 10134.

31. 24 *Del. C.* § 5103(a); 24 *Del. C.* § 5103(d); 24 *Del. C.* § 5118(a).

32. 24 Del. C. § 5113(a).

33. 24 Del. C. § 5113(a)(7).

34. Oral Arguments at 19:36, *Richardson v. Bd. of Cosmetology & Barbering of the State of Del.*, 536, 2012 *available at* http://courts. delaware.gov/supreme/audioargs.stm.