# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| ADONI HEALTH INSTITUTE, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) C.A. No. N17A-10-003 JAP |
| | ) |
| DELAWARE BOARD OF NURSING, | ) |
| | ) |
| Appellee. | ) |
| | ) |
| | ) |

*Upon appeal from the Delaware Board of Nursing*: **AFFIRMED**.

## OPINION

This is Adoni Health Institute's second appeal from the Delaware State Board of Nursing.[1] In 2015, the Board revoked Adoni's conditional approval to operate its practical nursing program. On appeal in 2016, this court reversed all of the Board's factual findings except one, and remanded the matter to the Board with instructions to decide one remaining issue: whether the fact that the school misstated the duration of its curriculum warranted the

---

[1] Adoni Health Institute was formerly known as "Leads School of Technology."

Board's withdrawal of the school's conditional approval to operate. On remand, the Board considered evidence that was not previously considered in its original 2015 hearing, but was related to the duration of the school's curriculum. The Board issued a decision in September 2017, holding that Adoni's misstatement of its curriculum length warranted revocation of its approval. Adoni appealed to this court arguing, among other things, that the Board erred as a matter of law by reopening the factual record. For the reasons that follow, the Board's decision should be **AFFIRMED**.

## I. BACKGROUND

The underlying facts of this case are described in some detail in this court's July 2016 opinion,[2] and will be summarized only briefly here. In 2007, the Board granted Adoni a conditional approval to operate after determining the school did not qualify for full approval. The Board identified three deficiencies in Adoni's program: (1) substandard NCLEX exam pass rates; (2) inadequate annual reports; and (3) student complaints. Adoni implemented an action plan intended to revamp its program, and in July 2012 the Board

---

[2] Ex. A to Appellant's Opening Br. at 2-11 (Court's Opinion dated July 29, 2016).

approved Adoni's action plan. Under the plan, continued approval for the school to operate hinged on the success of the 2012 cohort on the NCLEX, that is, approval hinged on only the students who started in September 2012 and participated in the revamped program. Yet, when the NCLEX results for the pre-2012 cohort continued to be poor and the school's 2014 annual report was deficient, the Board voted to withdraw its approval. A hearing was held in June 2015. On July 8, 2015, the Board issued a written opinion formally withdrawing Adoni's approval.[3]

Adoni appealed to the Superior Court. On July 29, 2016, this court reversed the Board's decision and all but one of its factual findings. The court upheld the Board's finding that Adoni misstated the duration of its curriculum in its 2014 annual report. The court remanded the matter, holding in relevant part:

> The court's decision to uphold the Board's finding concerning the misstated length of the curriculum is not sufficient, at this juncture, to sustain the Board's decision to withdraw [Adoni's] approval. Although the Board found that the faults in [the school's] 2014 Annual report, in their entirety, justified withdrawal of [Adoni's] approval, it made no finding that the misstatement of the curriculum length alone justified such an extreme measure. The court, of course, is not equipped to make that decision, and therefore

---

[3] *See* Ex. 1 to Declaration of Michael R. Grandy (Board's July 8, 2015 Opinion and Order).

the matter will be remanded to the Board for its determination of that issue.[4]

Following the court's remand, the Board wrote a letter to Adoni in October 2016 stating its intent to schedule a hearing "in early 2017," and also requesting that Adoni produce certain information related to the school's curriculum length in preparation for the hearing. The requested documents included: (1) a list of the students in each cohort beginning in 2011 through 2016; (2) the date each student began at the school; (3) the date each student finished at the school; (4) an indication of how each student separated from the school; and (5) an indication of whether there were duplicate names in different cohorts.[5] Adoni produced the documents on December 7, 2016.

On December 19, 2016, the Board's Practice and Education Committee reviewed the documents, determined that the documents demonstrated a long-standing pattern by Adoni of misstating its curriculum length to the Board and its students, and then recommended that the Board move forward with withdrawal of the

---

[4] Ex. A to Appellant's Opening Br. at 48.
[5] *See* Ex. 4 to the Declaration of Michael R. Grandy at 1-2 (Board's September 13, 2017 Opinion and Order).

school's approval. The Board reviewed the documents and voted to accept the Committee's recommendation to withdraw based on the misstatement of its curriculum length. The Board notified Adoni of it proposal to withdraw and later scheduled a hearing, which was postponed several times at the request of Adoni.

On July 10, 2017, two days before the scheduled hearing, Adoni filed a motion *in limine* "to preclude the re-opening of the factual record on remand as contrary to the directive of the Superior Court." The Board, however, denied the motion *in limine* finding that, "the Court's Opinion does not state that the Board is limited to considering only the record established in the original proceeding," and emphasizing that the court "remanded the matter to the Board for *proceedings* consistent with the Court's Opinion."[6]

At the July 12, 2017 hearing, the Board considered the seventeen exhibits produced by Adoni, consisting of the student enrollment dates, transcripts, and annual reports. The school also presented its own evidence. The Board heard testimony from Dr. Ola

---

[6] *Id.* at 5-6 (emphasis in original).

Aliu, the President of the school, and Dr. Lucille Gamberdella, former Board President who helped Adoni revamp its nursing program.

The Board issued its decision on September 13, 2017, finding that Dr. Aliu's "multiple and varied explanations for the curriculum length" during his testimony were not credible.[7] It also found Dr. Gamberdella's testimony did not provide good cause to extend the school's conditional approval.[8] The Board held that Adoni's misstatement about the length of its curriculum in its 2014 annual report was sufficient justification to withdraw the school's conditional approval because it: 1) "reveals that [Adoni] is not operating a legitimate practical nursing education program;" 2) "exposes that the school is deceiving its students about when they will become employable;" 3) "reveals that [Adoni] has repeatedly deceived the Board about the length of its curriculum in order to obscure the fact that it's also deceiving students;" and 4) the misstatement "renders the Board wholly incapable of determining whether the school is providing adequate resources . . . ." The school again appealed the

---

[7]  *Id.* at 18.
[8]  *Id.* at 21.

Board's decision to the Superior Court; this time on the basis that the record was improperly expanded on remand.

## II. ANALYSIS

This court reviews the Board's decision to determine "whether it acted within its statutory authority, whether it properly interpreted and applied the applicable law, whether it conducted a fair hearing and whether its decision is based on sufficient substantial evidence and is not arbitrary."[9] Substantial evidence is "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion."[10] But, this court will not weigh evidence, determine questions of credibility, or make its own factual findings.[11] Questions of law are reviewed *de novo.*[12] And absent an error of law, the Board's decision is reviewed for an abuse of discretion.[13]

It is well-settled that when the Superior Court remands a matter to the Board for further proceedings, the Board must follow the court's "instruction concerning treatment of an issue on remand even

---

[9]  *Avallone v. State/Dep't of Health & Soc. Servs.,* 14 A.3d 566, 570 (Del. 2011).
[10]  *Delaware Bd. of Nursing v. Gillespie,* 41 A.3d 423, 425 (Del. 2012).
[11]  *Id.* at 426.
[12]  *Id.*
[13]  *Sweeney v. Del. Dep't of Transp.,* 55 A.3d 337, 341-42 (Del. 2012).

7

if the [court] has left the ultimate issue undecided."[14]  The Delaware

Supreme Court held:

> It is axiomatic that on remand for further proceedings after decision by an appellant court, the trial court must proceed with the mandate and the law of the case as established on appeal. A trial court must implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces. Where the reviewing court in its mandate prescribes that the court shall proceed in accordance with the opinion of the reviewing court, such pronouncement operates to make the opinion a part of the mandate as completely as though the opinion had been set out at length.[15]

Although the Board must follow the remand instruction and law of

the case as established by the appellate court, the Board is not

precluded from holding further proceedings to determine outstanding

issues.[16]  The Board on remand can "make any order or direction in

further progress of the case so long as it is not inconsistent with the

decision of the appellate court, as to any question not settled by the

decision."[17]

---

[14]  *See Coca-Cola Bottling Co. of Shreveport, Inc. v. Coca-Cola Co.,* 988 F.2d 414, 429 n.19 (3d Cir. 1993).

[15]  *Bankers Trust Co. v. Bethlehem Steel Corp.,* 761 F.2d 943, 949 (3d Cir.1985) (internal quotations citations omitted).

[16]  *See Cede & Co. v. Technicolor, Inc.,* 884 A.2d 26, 38 (Del. 2005) ("Although the trial court on remand is not constrained by the mandate as to issues not addressed on appeal, the trial court is required to comply with the appellate court's determinations as to all issues expressly or implicitly disposed of in its decision.").

[17]  *Siga Techs., Inc. v. PharmAthene, Inc.,* 132 A.3d 1108, 1129 (Del. 2015), *as corrected* (Dec. 28, 2015).

On appeal, Adoni argues that the Board erred as a matter of law by reopening the factual record because, according to Adoni, the court's "mandate required the Board to make a single determination on a closed factual record." By opening the record, Adoni argues, the Board failed to follow the court's instruction and law of the case. The only authority cited by Adoni in support of its position are cases standing for the proposition that on remand the Board must follow the court's mandate and make findings consistent with the appellate court's rulings. But this legal requirement is not in dispute, and importantly, it is not inconsistent with the Board's authority to hold further proceedings and consider additional evidence necessary to decide outstanding issues.

Here, the court's mandate narrowed the scope of remand to one outstanding issue:

> One issue remains: the Board found that Leads' 2014 report was deficient because it misstated the duration of its curriculum. The remaining matter will be remanded to the Board for its determination whether this deficiency alone warrants withdrawal of Leads' approval to operate.[18]

The court then instructed that the matter was "reversed and remanded for *proceedings consistent*" with its opinion—for

---

[18] Ex. A to Appellant's Opening Br. at 13.

determination of whether the misstatement of the curriculum length warranted revocation of the school's approval—and the court did not retain jurisdiction.[19] The Board's hearing that followed in July 2017 was both within the power of the Board and consistent with the court's opinion.

The Board's consideration of additional evidence related to the curriculum length and was not inconsistent with the court's mandate. The Board requested that Adoni produce student enrollment dates and transcripts because it needed "the additional information in order to understand the program"[20]—specifically to clarify its confusion about the length of Adoni's curriculum.[21] The Board was not considering evidence to determine if there was sufficient evidence supporting that the curriculum was misstated— that was already sustained by this court—but rather, the Board considered evidence to determine if the lone fact that the curriculum was misstated was enough to warrant the revocation as the court instructed. Any factual findings based on the seventeen new exhibits

---

[19]  *Id.* at 49.
[20]  June 2015 Hearing Tr. at 155.
[21]  *See* Ex. 4 to the Declaration of Michael R. Grandy at 21.

that were added to the record on remand[22] were simply related to the Board's reasoning that the school's past conduct warranted revocation. The Board's reasoning was *also* based on its determination that the testimonies from Dr. Aliu and Dr. Gamberdella presented by Adoni at the hearing should be given little to no weight.

When the case was before the Board the first time in 2015, the Board had no reason to believe it had to decide whether the misstatement of Adoni's curriculum length alone was sufficient for revocation of the school's license to operate. In fact, the Board's revocation was based on a number of its factual findings. Only after this court reversed all of its factual findings except one— misstatement of the curriculum length—was the Board faced with the necessity of determining whether that fact alone was sufficient to sustain the revocation. Holding a hearing to make that determination was reasonable.

The school's current position that it wanted the Board to take the case under advisement on remand without conducting a further

---

[22]   *Id.* at 16.

11

review belies Adoni's later argument that its due process rights were violated. Because the Board had no reason to believe it had to consider such a narrow issue at the 2015 hearing, the parties also had no reason to argue (nor did they argue) the specific issue of whether the curriculum misstatement alone warranted revocation. On remand the parties had the right to comment on that issue before the Board made its determination. Accordingly, the Board held a hearing, where it was permitted to consider evidence within the scope of the remanded issue. The Board indeed answered the question posed on remand; that withdrawal of Adoni's conditional approval was warranted by Adoni's misstatement of its curriculum length. Thus, the Board did not disregard the Superior Court's instruction on remand, and therefore, did not err as a matter of law.

Adoni also argues on appeal that the Board violated its due process rights by adding evidence not included in its original 2015 hearing and by failing to give the school notice and opportunity to respond to the Board's new factual findings on the expanded record. This argument is without merit. Before the hearing, the Board informed Adoni that it had "the right to present evidence, to be represented by counsel, and to appear personally" and that Adoni or

12

its counsel had the "right to examine and cross-examine witnesses."[23] Adoni was well aware of the exhibits that would be submitted at the hearing; it produced the documents approximately seven months prior, and then two days before the hearing, filed a motion *in limine* trying to suppress them.

Likewise, Adoni had ample notice of the purpose of the hearing. The school had ample opportunity to prepare for the hearing and respond to the evidence, and it indeed took advantage of those opportunities by obtaining postponements of the hearing on several occasions, and by calling witnesses. Adoni presented its own evidence at the hearing in the form of testimony from Dr. Aliu and Dr. Gamberdella. That the Board ultimately found this testimony not credible was within the Board's power alone, and not this court's.[24] Any alleged prejudice was non-existent or inconsequential as the school got another bite at the apple, or otherwise had the opportunity to respond to the evidence at the hearing.

---

[23] App. to Answering Br. at B13.

[24] *Gillespie*, 41 A.3d at 426 (stating that on appeal this court will not weigh evidence, determine questions of credibility, or make its own factual findings).

## III.   CONCLUSION

Therefore, for the foregoing reasons, the judgment of the Delaware Board of Nursing is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated:  August 09, 2018

_____
John A. Parkins, Jr., Judge

oc:   Prothonotary

cc:   Matthew F. Boyer, Esquire, Connolly Gallagher LLP, Wilmington, Delaware
Jennifer L. Singh, DAG, Department of Justice, Dover, Delaware