# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JARED S. BOWERS,    )
                    )
        Appellant,  )
                    )
    v.              )    C.A. No. N23A-04-002 PAW
                    )
                    )
DELAWARE REAL ESTATE )
COMMISSION,         )
                    )
        Appellee.   )

Submitted: November 7, 2023
Decided: February 28, 2024

*On Appeal from the Delaware Real Estate Commission;*

**REVERSED AND REMANDED.**

## <u>MEMORANDUM OPINION AND ORDER</u>

William J. Rhodunda, Jr., Esq. and Nicholas G. Kondraschow, Esq., of Rhodunda, Williams & Kondraschow, *Attorneys for Appellant.*

A. Zachary Naylor, Esq., of the Delaware Department of Justice, *Attorney for Appellee*.

**WINSTON, J.**

## I.   INTRODUCTION

Appellant, Jared S. Bowers, brings forth this appeal following the final order ("Final Order") of the Delaware Real Estate Commission (the "Commission") permanently revoking his real estate license.  Mr. Bowers argues the Commission abused its discretion, committed legal error, and that its decision was not supported by substantial evidence.  For the reasons set forth below, the Commission's decision is **REVERSED AND REMANDED** for further proceedings.

## II.   FACTS AND PROCEDURAL HISTORY[1]

On July 21, July 22, and September 20, 2022, a hearing was held before a Commission Hearing Officer[2] to consider three complaints filed by the State of Delaware against Mr. Bowers, a licensed real estate broker.[3]  Mr. Bowers failed or refused to attend the first two days of the hearing, but did attend on the third day.[4] At the conclusion of the September 20, 2022 hearing, the Hearing Officer noted that after his recommendation is issued, "the Commission will meet and have this case on its public agenda.  At that time, of course, the parties and Counsel are welcome to attend and to give a final statement to the Commission, if the Commission will

---

[1] Citations in the form "Tab" refer to the Record.
[2] Undefined terms have the same meaning as set forth in the Final Order. *See* Tab A.
[3] Tabs D, E, and F.
[4] *Id*.  Mr. Bowers' attorney participated in all three days of the hearing.

hear counsel on those points."[5] On December 8, 2022, the Hearing Officer issued an 87-page Recommendation of Chief Hearing Officer (the "Recommendation").[6] The Hearing Officer concluded that Mr. Bowers violated the Delaware Real Estate Act and recommended his license be suspended for two years with permission to apply for reinstatement after one year.[7] The Recommendation also permitted any party to submit exceptions, comments, or arguments concerning the conclusions of law and recommended penalty.[8] The State's timely submission recommended the conclusions of law and findings of fact be affirmed, but argued that the recommended sanction be rejected.[9] Instead, the State recommended permanent revocation due to the nature and extent of Mr. Bowers' violations.[10] Neither Mr. Bowers nor his counsel submitted exceptions, comments, or arguments.

On February 9, 2023, the Commission held a public board meeting, (the "February Meeting") concerning the Recommendation.[11] After considerable discussion regarding whether Mr. Bowers should be permitted to address the Commission, the Commission permitted only his attorney an opportunity to provide

---

[5] Tab F at 638:21-639:1.
[6] Tab C.
[7] *Id*. at 74-86.
[8] *Id*. at 87.
[9] Tab G, State of Delaware's Exceptions, Comments, and Arguments to the Recommendation, dated Dec. 28, 2022. Tab G contains multiple pleadings.
[10] *Id*. Alternatively, the State sought a five-year license suspension with permission to apply for reinstatement after two years.
[11] Tab B.

3

comments.[12]  Accordingly, Mr. Bowers, who had a prepared statement, was not permitted to read his statement to the Commission and his attorney was not permitted to read the statement on Mr. Bowers' behalf.[13]  Since Mr. Bowers was not permitted to address the Commission, his attorney declined to provide comments.[14]  After hearing comments from the State, the Commission voted and issued its Final Order, dated March 9, 2023, permanently revoking Mr. Bowers' license.[15]  On March 31, 2023, Mr. Bowers filed a Motion for Reconsideration.[16]  The Commission did not rule on the motion.  Mr. Bowers then filed the instant appeal.

## II.    PARTIES' CONTENTIONS

On appeal, Mr. Bowers challenges the Commission's: (i) February Meeting procedures; (ii) permanent revocation of his license; and (iii) refusal to consider his Motion for Reconsideration.  As to the February Meeting procedures, Mr. Bowers posits that the Commission's refusal to allow him to provide comments at the public meeting or to let his attorney read Mr. Bowers' prepared statement was arbitrary and capricious, an abuse of discretion and legal error.  In addition, Jason Giles, the Commission's former Chair and testifying expert at Mr. Bowers' hearing, failed to recuse himself at the February Meeting.  In response, the Commission concedes that

---

[12] *Id*. at 17:15-17.
[13] *Id*. at 18:16-19:11.
[14] *Id*.
[15] *Id*. at 23:4-24:13; Tab A.
[16] Tab G, Jared S. Bowers' Motion for Reconsideration, dated Mar. 31, 2023.

its failure to permit Mr. Bowers an opportunity to speak deprived him of due process. However, the Commission contends: (i) Mr. Giles did not attend the February Meeting;[17] (ii) the permanent revocation of Mr. Bowers real estate license was prompted due to multiple violations of the Delaware Real Estate Act; and (iii) the Motion for Reconsideration was correctly rejected by the Board.

## III.    STANDARD OF REVIEW

The function of the Superior Court, on an appeal from a decision of an administrative agency, is to determine whether the agency's decision is supported by substantial evidence and is free from legal error.[18]  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[19]  An administrative board abuses its "discretion where it 'exceed[s]

---

[17] In support of this contention, the Commission submits information and evidence contained in the Commission's Public Meeting Minutes.  Ans. Br. at 30-31; Ans. Br., Exs. H and I.  Under Delaware law, "[a]ppeals shall be heard and determined by the Superior Court from the record of the proceedings below...."  Super Ct. Civ. R. 72(g).  In accordance with this rule, the Court is only permitted to consider the evidence contained in the Record.

[18] *Villabona v. Delaware Real Est. Comm'n,* 2010 WL 3760309, at *3 (Del. Super. Aug. 23, 2010) (citation omitted).

[19]  *Ingram v. Delaware Real Est. Comm'n*, 737 A.2d 530, 1999 WL 643010, at *1 (Del. June 24, 1999) (TABLE).

the bounds of reason in view of the circumstances' or 'ignores[s] recognized rules of law or practice [ ] so as to produce injustice.'"[20]

## IV.  ANALYSIS

29 *Del. C.* § 8735(v)(1)(d) provides that parties may submit exceptions, comments, and arguments concerning the Recommendation's conclusion of law and recommended penalty to the Commission but includes no procedures or requirements pertaining to the Commission's review of a party's submissions.  The Delaware Supreme Court has found that once exceptions to the Hearing Officer's Recommendation are filed, the Commission, at its public hearing, should permit the parties an opportunity to be heard through counsel.[21]  Section 8735 (v)(1)(d), however, states that the Commission "shall make its final decision to affirm or modify the hearing officer's recommended conclusions of law and proposed sanctions based on the *written record*."[22]

Here, the Hearing Officer advised the parties that they were "welcome to attend [the public hearing] and to give a final statement to the Commission, if the Commission will hear counsel on those points."[23]  Clearly, it is within the

---

[20] *Cooper v. Delaware Bd. of Nursing*, 2021 WL 754306, at \*2 (Del. Super. Feb. 26, 2021) (citing *Pitts v. White*, 109 A.2d 786, 788 (Del. 1954), *aff'd*, 264 A.3d 214 (Del. 2021).
[21] *Richardson v. Bd. of Cosmetology and Barbering*, 69 A.3d 353, 358 (Del. 2013).
[22] 29 *Del. C.* § 8735(v)(1)(d) (emphasis added).
[23] Tab F at 638:23-639:1.

Commission's discretion to allow comments at its public meeting. At the February Meeting, the Commission, within its discretion, permitted comments by counsel, but restricted Mr. Bowers' ability to provide his comments. As noted above, the Commission acknowledges that Mr. Bowers was not afforded due process at the February Meeting when the Commission permitted the State an opportunity to be heard, but not Mr. Bowers. As a remedy, the Commission proposes the Court remand this matter for further proceedings. In particular, the Commission proposes it re-open its review of the Recommendation, permit the parties to submit or re-submit written exceptions, comments, and arguments prior to the meeting, and allow each party the opportunity to briefly address the Commission.[24]

Mr. Bowers responds that remand is an insufficient remedy. Mr. Bowers relies upon *Morris v. Real Estate Commission* for the proposition that the Commission's violation of the licensee's due process rights "leaves the Court with no choice but to reverse the Commission's decision."[25] The *Morris* case is distinguishable. The *Morris* Court reversed the Commission's decision because the appellant was not provided with proper *notice* of the *hearing*.[26] Unlike in *Morris*, Mr. Bowers does not challenge the hearing for which he was properly noticed and

---

[24] Ans. Br. at 18-19.
[25] *Morris v. Real Est. Comm'n*, 2008 WL 1735072, at *2 (Del. Super. Apr. 11, 2008).
[26] *Id.* (emphasis added).

represented, nor the Recommendation. Mr. Bowers' contention is based on the Commission's failure to allow him to address the Commission during the February Meeting.[27]

This Court has ordered remand where there is a question of whether a board could provide the appellant with a fair *hearing* on remand after hearing "unfairly prejudicial, unfounded, and improperly proven testimony…."[28] Here, although not a hearing, the record does not reflect, and Mr. Bowers does not argue that the February Meeting was improperly tainted. Therefore, the Commission is able to provide Mr. Bowers an opportunity to be heard before rendering its final order. Accordingly, remand is an appropriate remedy.

Next, Mr. Bowers argues Mr. Giles failed to recuse himself during the February Meeting despite his participation in Mr. Bowers' investigation.[29] The Commission notes Mr. Giles' name was included in the February Meeting transcript but insists he was not in attendance.[30] The Commission also asserts that Mr. Giles was merely the subject of discussion at the February Meeting.[31] Due to the poor quality of the transcript, it is unclear from the record whether Mr. Giles was

---

[27] *See Richardson*, 69 A.3d at 358 (remanding to permit appellant the opportunity to be heard at the public hearing through his counsel).

[28] *See Geshner v. Delaware Real Est. Comm'n*, 1994 WL 680090, at *8 (Del. Super. Oct. 12, 1994).

[29] Reply Br. at 8-10.

[30] Ans. Br. at 30-31.

[31] *Id*.

physically present at the February Meeting.[32]  Under 29 *Del. C.* § 10142(c), if the Court determines that the record is insufficient for its review, it shall remand the case to the agency for further proceedings on the record. Subsequently, remand is necessary.

## V.   **CONCLUSION**

Therefore, after reviewing the record, the Commission's Final Order is hereby **REVERSED AND REMANDED**.[33]

---

[32] The February Meeting transcript contains crosstalk and inaudible portions.

[33] Since this matter is being remanded, the Court need not address Mr. Bowers' remaining arguments.  The Court will, however, note two points.  First, the "choice of a penalty by an administrative agency, if based on substantial evidence and not outside its statutory authority[,] is a matter of discretion to be exercised solely by the agency." *Warmouth v. State Bd. of Med. Exam'rs, Optometry*, 514 A.2d 1119, 1123 (Del. Super. Mar. 6, 1985).  In reviewing the penalty imposed by the Commission, the question for the Court is not whether this Court would have imposed the same penalty as that imposed by the Board.  Rather, the question is whether such "punishment is so disproportionate to the offense in light of all the circumstances as to be shocking to one's sense of fairness." *Id.* at 1123.  Second, 29 *Del. C.* §10128, sets forth the content requirements of a final order.

**IT IS HEREBY ORDERED this 28th day of February 2024:**

1.      The Commission will re-open its review of the Hearing Officer's Recommendation at the next regularly scheduled Commission meeting, subject to the mutual availability of Mr. Bowers, his counsel, and the State's attorney, and opportunity for submissions contemplated by paragraph 3, below;

2.      The findings of fact made by the Hearing Officer are binding on the Commission, pursuant to 29 Del C. § 8735(v)(1)(d);

3.      No fewer than seven calendar days prior to the Commission's meeting, the parties may submit or re-submit to the Commission "written exceptions, comments and arguments concerning the conclusions of law and recommended penalty," as provided by 29 *Del. C.* §§ 8735(v)(1)(d) and 10126(b). Any such "written exceptions, comments and arguments" shall also be emailed concurrently to the attorney for the Commission and Mr. Bowers' counsel; and

4.      At the meeting, each party will be afforded the opportunity briefly to address the Commission in support of his or its position.

*/s/Patricia A. Winston*
**Patricia A. Winston, Judge**